UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LENWORTH A. BUNTING,
        Plaintiff,

v.                                               CASE NO. 3:14-cv-621 (VAB)

KELLOGG'S CORPORATION
and MICHAEL GOSS,
        Defendants.

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Lenworth A. Bunting, has filed a Complaint *pro se* against his current employer, Kellogg's Corporation ("Kellogg's") and a former manager at Kellogg's, Michael Goss. Compl., ECF No. 1. Mr. Bunting alleges that the Defendants denied him a promotion because of his race and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*. *Id.* at 1. In this action, he seeks money damages and injunctive relief in the form of an interview for and appointment to the position he was denied. *Id.* at 12. He also seeks attorney's fees and costs. *Id.*

Defendants have filed a Motion for Summary Judgment on both of Mr. Bunting's claims. Mot. for Summ. J., ECF No. 22. Because their motion fails to comply with several of the Local Rules of the District of Connecticut, it must be **DENIED without prejudice**.

### DISCUSSION

The Local Rules for the District of Connecticut require a party moving for summary judgment to attach a "Local Rule 56(a)1 Statement" to his motion. D. Conn. L. Civ. R. 56(a)1, 4. A Local Rule 56(a)1 Statement should "set[ ] forth in separately numbered paragraphs… a concise statement of each material fact as to which the moving party contends there is no

genuine issue to be tried." D. Conn. L. Civ. R. 56(a)1. Each paragraph must contain specific citation(s) "to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)3. In responding to the motion, the non-movant must also submit a "Local Rule 56(a)2 Statement" admitting or denying the facts in the movant's Local Rule 56(a)1 Statement and providing a list of disputed material facts. D. Conn. L. Civ. R. 56(a)2. This District's Local Rules also require represented parties moving for summary judgment against *pro se* individuals to file and serve a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." D. Conn. L. Civ. R. 56(b).

The Defendants have failed to comply with these rules. They have provided no Local Rule 56(a)1 Statement. Nor have they filed and served Mr. Bunting with the notice required under Local Rule 56(b). In fact, the certificate of service associated with their motion and memorandum makes no reference at all to the required *pro se* notice. Certificate of Service, ECF No. 24.

The Second Circuit has indicated that district courts have discretion in applying their local court rules. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citation omitted); *see also Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d Cir. 2015) (affirming a district court's denial of summary judgment based on failure to comply with court's local rules). In this case, the Court cannot fairly and completely adjudicate summary judgment in this matter without full compliance with the District of Connecticut's Local Rules.

Without a Local Rule 56(a)1 Statement, the Court cannot fairly determine the undisputed facts in this case. Such a determination is essential to evaluating a summary judgment motion. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact…"). Accordingly, the Court must deny the

Defendants' motion for failing to include a Local Rule 56(a)1 Statement.  *See e.g.*, *Tross v. Ritz Carlton Hotel Co.,* 928 F. Supp. 2d 498, 503-04 (D. Conn. 2013) (denying a motion for summary judgment for failing to provide a Local Rule 56(a)1 Statement); *Carter v. Reiner, Reiner & Bendett, P.C.*, Civil No. 3:06CV00988 (AWT), 2007 WL 2221432, at *1-2 (D. Conn. July 30, 2007) (denying summary judgment without prejudice because both parties failed to comply with the District of Connecticut's Local Rule 56(a)3); *MSF Hldg. Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 303-04 (S.D.N.Y. 2006) (denying motion for summary judgment because moving party failed to submit the required 56.1 statement, the equivalent of a Local Rule 56(a)1 Statement under the applicable local rules).

      The Court also cannot grant summary judgment if it is not satisfied that Mr. Bunting has received notice of the nature and consequences of summary judgment.  *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (reversing a grant of summary judgment for the defendant because the plaintiff did not receive proper notice of the nature of summary judgment and his opposition did not indicate an understanding of the same).  As noted above, the Defendants did not provide Mr. Bunting with the required notice under Local Rule 56(b).  Mr. Bunting has not filed any Local Rule 56(a)2 Statement or any affidavits or exhibits in support of his opposition.  Because of these deficiencies, Mr. Bunting's filing does not show that he had an appreciation of the consequences and procedures necessary to properly oppose summary judgment.  *See Graham v. Lewinski*, 848 F.2d 343, 344 (2d Cir. 1988) (noting that it is not "obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.") (internal quotation marks and citation omitted); *Dais v. Lane Bryant, Inc.*, No. 97Civ.2011(PKL)(RLE), 2000 WL 869489, at *2 (S.D.N.Y. June 29, 2000) (noting that

3

where a plaintiff did not receive notice of the consequences of summary judgment, his failure to submit a statement of material facts and to comply with Federal Rule of Civil Procedure 56(e) evidenced his "unfamiliarity" with his obligations in opposing summary judgment). Accordingly, the Court cannot grant the Defendants' motion because they failed to serve Mr. Bunting with the required notice under Local Rule 56(b).  *See e.g.*, *Hartnagel v. City of New York*, No. 10-5637(TLM), 2012 WL 832275, at *1 (E.D.N.Y. Mar. 12, 2012) (denying a motion for summary judgment without prejudice for failing to include a required notice to the *pro se* non-movant and because the record did not indicate that the *pro se* litigant understood the nature of the summary judgment motion).

Accordingly, Defendants' Motion for Summary Judgment, ECF No. 22, is **DENIED without prejudice**.  To the extent Defendants wish to file a revised motion, this motion is due **thirty (30) days from the date of this Order**.

SO ORDERED at Bridgeport, Connecticut this 18th day of February 2016.

                                        /s/ Victor A. Bolden_____
                                        VICTOR A. BOLDEN
                                        UNITED STATES DISTRICT JUDGE