UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| LENWORTH A. BUNTING, | : | |
| --- | --- | --- |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:14-cv-00621-VAB |
| | : | |
| KELLOGG'S CORPORATION and | : | |
| MICHAEL GOSS | : | |
|     Defendants. | : | |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

Lenworth Bunting ("Plaintiff"), brought this lawsuit against his former employer, Kellogg's Corporation ("Defendant" or "Kellogg's"), and Michael Goss, who was a Distribution Center Manager at Kellogg's facility in Newington, CT during the times relevant to this lawsuit. Mr. Bunting asserted two causes of action against both defendants. He first alleged discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). He also alleged that Defendants discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*. ("the ADEA").

On September 30, 2016, this Court entered an Order granting Defendants' Motion for Summary Judgment. *See* Order, ECF No. 53. Mr. Bunting has now moved for reconsideration of the Court's decision under Rule 60(b). Mot. for Reconsid., ECF No. 56. For the reasons outlined below, Mr. Bunting's motion is **DENIED**.

**I. Standard of Review**

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "fraud, misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). "The

decision as to whether relief should be granted under Rule 60(b) is committed to the sound discretion of the Court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

Rule 60(b) provides extraordinary relief, and a motion under Rule 60 should be granted only if the moving party demonstrates "exceptional circumstances." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.1993); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (Rule 60(b) provides "a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary.") (internal citations omitted). The Court, however, may assess a *pro se* party's motion under Rule 60(b) using "a lesser standard than [a motion] drafted by lawyers," as it would assess any *pro se* pleading. *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)

The determination of whether a party's neglect is "excusable" under Rule 60(b)(1) is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Ordinarily, ignorance of the rules or mistakes construing the rules do not constitute "excusable" neglect. *Id.* at 392. However, "neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997).

Rule 60(b)(3) allows for relief from judgment when the movant presents evidence of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3); *Matura*, 189 F.R.D. at 89. To prevail on a Rule 60(b)(3) motion, a movant "must show that the conduct complained of prevented [him] from fully and fairly representing his case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158,

176 (2d Cir. 2004) (internal quotation marks and citation omitted). "However, a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits [of the underlying decision]." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

## II. Background

Mr. Bunting brought this case *pro se* on May 5, 2014, challenging Defendants' failure to hire him for a position as a "Warehouse Manager" at Kellogg's. *See* Compl., ECF No. 1. On February 24, 2016, Defendants moved for summary judgment, arguing that neither Mr. Bunting's race nor his age played a role in their decision to reject his application for the position. *See* Motion, ECF No. 35. Defendants pointed to record evidence that Mr. Bunting's application was rejected because he was less qualified than Bradley Linnell, the external candidate who was eventually hired as Warehouse Manager. In his opposition to Defendants' motion for summary judgment, Mr. Bunting identified several procedural irregularities in the hiring process, and argued that he was not given the opportunity to compete in the selection process because he was not offered the opportunity to do a "panel interview" while Mr. Linnell was.

On September 30, 2016, the Court granted Defendants' motion for summary judgment. The Court concluded that Mr. Bunting failed to raise a genuine issue of material fact as to whether the legitimate, nondiscriminatory reason proffered by Kellogg's for its hiring decision—the superior qualification of Mr. Linnell—was pretextual. *See* Order, 12. The Court found no evidence to suggest that Defendants failed to interview Mr. Bunting because of his race, or for any reason besides their preference for Mr. Linnell's experience and education. *Id.* Specifically, the Court noted that Mr. Bunting had not provided any information to suggest that the alleged flaws in Defendants' hiring process were "racially-motivated," and that there was "nothing in the record about the race of any of the other applicants and their treatment in the process, much less whether any of the other applicants were the same race as Mr. Bunting or the same race as Mr. Linnell." *Id.* at 11-12. The Court granted

summary judgment on Mr. Bunting's claim under the ADEA because the record revealed that he had not exhausted his administrative remedies with regard to this claim, depriving the Court of jurisdiction. *Id.* at 12. Finally, the Court noted that the claim against Mr. Goss failed as a matter of law because Title VII does not provide for individual liability. *Id.*

Mr. Bunting moved for relief from judgment on October 28, 2016. *See* Mot. for Reconsid. In his motion, Mr. Bunting makes several arguments about why relief from judgment would be appropriate. Mr. Bunting argues that he "failed to provide critical information relevant to the case notably, citation and affidavit," because he "did not understand the difference between this process and the stated complaints." *Id.* at 2. He also attaches an affidavit in which he describes the Warehouse Manager hiring process and his interactions with Defendants. *See* Pl.'s Affidavit, ECF No. 56-3. In the affidavit, he notes that: "[o]ver the years Kellogg's has shown a pattern of neglect in handling Plaintiff's applications," and describes two incidents in which he applied for internal positions that were filled before he had the opportunity to interview for them. *Id.* at ¶ 47. Mr. Bunting adds that Kellogg's Internal Applicant Feedback Process required the company to interview all internal applicants "who are minimally qualified" for internal positions. *Id.* at ¶ 50.

Mr. Bunting also alleges that Defendants committed fraud or misrepresentation in their summary judgment briefing, making relief from judgment inappropriate. He stated that Defendants

> repeatedly presented false information as their defense. Notably alleged screening of plaintiff for the positions, which none of their action substantiate; Consideration for the reposting, which Plaintiff had no knowledge of; the false Declaration of Karen Morris alleged communication with Plaintiff which never occurred; and the omission of relevant facts from the 'TALEO' records, which proves it to be inaccurate.

Mot. for Reconsid., 2. Mr. Bunting argues that the Court would commit a "miscarriage of justice" if it relied on the allegedly erroneous statements.[1] *Id.*

---

[1] Mr. Bunting also submitted a memorandum in opposition to Defendants' motion for summary judgment, ECF No. 57, and a statement of material facts, ECF No. 59, on October 31, 2016. The Court has considered these documents as supplemental to his motion under Rule 60(b). Neither document provides additional information to support Mr. Bunting's discrimination claims. The Court also notes that if it were to consider Mr. Bunting to have filed an

4

**III. Discussion**

Mr. Bunting moves for relief from the judgment under Rule 60(b)(1) and Rule 60(b)(3), arguing that relief is appropriate because he "failed to provide critical information" in his opposition to summary judgment and because Defendants presented false information in their defense. Mot. for Reconsid., 2. Defendants argue that Mr. Bunting has not met the requirements of either subsection of Rule 60(b) because he has not "presented any new evidence or arguments," nor any "any evidence of fraud." Def.'s Mem., 2. For the reasons that follow, the Court agrees.

   1. **Relief under Rule 60(b)(1)**

Mr. Bunting requests relief from the final judgment in this case because of his "excusable neglect." Mot. for Reconsid., 2 (citing Fed. R. Civ. P. 60(b)(1)). He argues that he "failed to provide critical information relevant to the case notably, citation and affidavit," because he "did not understand the difference between this process and the stated complaints." *Id.* Mr. Bunting fails to meet the standard for relief from the judgment under this subsection of Rule 60(b).

"Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." *Matura*, 189 F.R.D. at 89. Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already "carefully analyzed and justifiably disposed." *Id.* at 90. In other words, even if a movant's neglect was excusable, a Court should not "reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." *Id.; see also Mills v. N.Y. State*, No. 1:15-CV-00280 (MAT), 2016 WL 5919844, at *2 (W.D.N.Y. Oct. 11, 2016) (declining relief under

---

untimely motion for reconsideration under Rule 59, relief would still be inappropriate. "The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Martin v. Dupont Flooring Sys., Inc.*, No. 03-cv-2189(SRU), 2004 WL 1171208, at *1 (D. Conn. May 25, 2004) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied sub nom. Catholic Home Bureau v. Doe*, 464 U.S. 864 (1983). The standard for granting such a motion is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Mr. Bunting does not describe an intervening change in law, new material evidence, or cite additional legal authority in support of his position, making reconsideration inappropriate under this strict standard.

5

Rule 60(b)(1) because the alleged mistake "ha[d] no bearing whatsoever on the judgment dismissing the Complaint in this action.").

Mr. Bunting argues that relief under Rule 60(b) is appropriate because he neglected to submit an affidavit supporting his opposition to summary judgment. The affidavit reiterates Defendants' failure to comply with its internal regulations when it evaluated Mr. Bunting for the Warehouse Manager position, and adds that Defendants made similar errors when evaluating other applications Mr. Bunting filed. It does not, however, provide additional evidence suggesting that Defendants' behaviors were motivated by Mr. Bunting's race. The Court granted summary judgment because of the lack of record evidence of Defendants' discriminatory intent, and Mr. Bunting's affidavit does not remedy this lack of evidence.

   2. **Relief under Rule 60(b)(2)**

Mr. Bunting requests relief from the final judgment in this case because "Defendants have repeatedly presented false information as their defense." Pl.'s Mot., 2 (citing Fed. R. Civ. P. 60(b)(2)). He alleges that Defendants made misrepresentations concerning their "alleged screening of plaintiff for the positions, which none of their action substantiate," and their "consideration [of Mr. Bunting] for the reposting," despite the fact that he had no knowledge of this consideration. *Id.* Mr. Bunting also alleges that the Declaration of Karen Morris, which Defendants submitted with their motion for summary judgment, was false, because it "alleged communication with [Mr. Bunting that] never occurred, and that the TALEO records omitted "relevant facts[,] which proves it to be inaccurate." *Id.* Relief under this subsection is inappropriate because the alleged fraud would not be material to the Court's eventual determination.

As the Court noted in its order granting summary judgment, Mr. Bunting could only defeat Defendants' summary judgment motion if he offered "admissible evidence that would persuade a rational fact-finder that Kellogg's was motivated by racial discrimination, or that its 'proffered reason' for hiring Mr. Linnell 'was not the true reason for the employment decision.'" Order, 9

(citing *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1181 (2d Cir. 1992)). The Court concluded that the record did not "reveal discrepancies or other evidence that would call into question Kellogg's credibility in its assessment of the two candidates." *Id*. at 9. The hiring process detailed in this record, without more, did not create a genuine issue of material fact concerning Defendants' improper motivation. *See* Order, 11. Mr. Bunting's Rule 60(b) motion does not change this conclusion. Even if Mr. Bunting's allegations of Defendants' fraud were true, relief from judgment would not be warranted.

**IV. Conclusion**

Mr. Bunting's Motion for Relief from Judgment is **DENIED**.

SO ORDERED at Bridgeport, Connecticut this second day of May, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE